Good morning, Your Honors. May it please the Court. My name is Russ Kubler. I represent Martha Espiritu, the appellant, who is actually here with me today. Your Honors, we're grateful for this opportunity to be heard today. And the issue coming down to this is, the first issue is a matter of statutory construction, an interpretation on that. Your Honor, the lower court held that my client was not allowed relief under Nevada Revised Statute 108.080 subsection 8. Even if the court below said that you could, that you are a grantor, how would subsection 8 help you? It provides relief before the foreclosure, so you can't get an injunction now. Your Honor, I believe that it does provide relief for an injunction because of the way that everything is worded. As far as, as far as What would you enjoin? Your Honor, it references subsection 5, which does void out the prior sale. So then you've got a section 5 claim. You've got a claim that the prior sale was void. Put that claim aside for a second. What injunction do you want here? You want an injunction. How would the injunction read? The court says, I hereby enjoin what? Your Honor, I actually was thinking about the same question myself. Because the lower court Your answer. I would keep it enjoining the exercise, because But it's a, this is a pre-sale, this is a statute, and almost every State has a foreclosure sale statute like this that says, you've got a problem before the auction occurs or before the foreclosure sale occurs, you can bring an injunction. That's a remedy that exists up until the time the sale occurs. If after the sale occurs, you can show the sale was void, then you have another remedy. That's the one in 5. But the sale has already occurred. What, what, what? Tell me, tell me in one sentence what the wording of the injunction is in this case. What? You win. Let's assume we say you're right. You're right. You have a cause of action under sub 8. Your Honor, I think And the judge says, all right, I'm going to give, what do you, what do you want the injunction to say? What would it say? The defendants are hereby enjoined from what? From the effects of that sale. But that's what you're seeking under, that's what you're seeking under 5. Your Honor, the, the injunction would stop, would stop the, the effects of the sale, though. It wouldn't just void out the sale, but it would, it would stop it from moving forward at all. Happen from ever happening again? No, Your Honor. The statute actually reads So you're not, you're not seeking that relief. It's not a permit. An injunction that says Capital One can never bring a non-judicial foreclosure sale. That's correct, Your Honor. We would not be seeking that. The statute allows for, for the court to enjoin the sale until the requirements are all met. Yeah, but once a sale has occurred, which is what we're struggling with, how can you get an injunction against it? You may be able to void it. And then, and I want you to get to that part of your argument, but I don't see how you can enjoin, if, if I, if I were to club, club Judge Hawkins over the head with my pad, I don't think he could, he could get an injunction from stopping me from doing that in the past. He might be able to get an injunction from stopping me to do it in the future, but all you're complaining is about the past here. You just told him you're not seeking to enjoin a future sale. We're seeking to enjoin the future sale until the requirements are met. Well, hasn't the deed already passed? The deed already passed, and the statute also allows, allows for that, for, for, again, for the voidance of the sale, and there's other subsections that relate to that. So why don't you turn to why you think this sale was void? Your Honor, thank you very much. The sale is void because there's, you would have to go to subsection 5 of that statute. Under subsection 5 of that statute, it says that the sale would be void if there is substantial, if, if there's, excuse me, if the bank does not substantially comply with the statute. Tell us what the bank did not do that you think voids the sale. Your Honor, there, I believe that there's a genuine issue of material fact related to whether the, the notice of sale was even sent. Whether it was? Was sent. Was even existed at the time that they said that it was sent. What, what, what creates that issue? Your Honor, they, they, they put on substantial evidence that it was mailed, it was in the house, it was, and all you say is my client never received it. Does that create an issue of fact? Your Honor, that's part of it. That, that, that's partially what creates a genuine issue of material fact is that my client did not receive it. But there's more to that. But receipt's not a statutory requirement. That's why we have the statutory requirement of sending it to a place and posting it on the house. She was living in the house at the time it was posted on it. Yes, Your Honor. Yes. Didn't say I didn't see the posting. She, she did not get the posting. That's what, that's what she's saying. She never got the notice. Correct. Correct. And, and if you look at what was actually recorded, if you, if you look at the signed document that was actually recorded, it's dated after they said that they posted it, after they said that they sent it. Should it have been dated before? Correct. Correct. Before they sent it. Before they sent it and posted it. Correct, Your Honor. Correct. Why? Why would it have to be? Yeah. Why? Don't you, don't you say, isn't it a signed document that says I've already done these things? Why, why is that insufficient? No, the document itself, the notice itself that was produced in the case below wasn't signed until after they said that they sent it. To me, that creates a genuine issue material for that. But isn't there evidence that the notice of sale was served on April 30th? Well, they said they, they said that. There's an affidavit of service, it's not just said, isn't that right? Would you say that again one more time, Your Honor? The, the notice of sale was served on April the 30th and I think there's an affidavit of sale saying that. That's what, that's what they said. They said that based on, on what their company policy was, it was sent off on April 30th. That's what the declaration says. But the actual document of the notice of sale is dated May 12th. But that was, wasn't that signed for purposes of recording? The signature was for purposes of recording, not for purposes of giving notice. Your Honor, that's, that's a great question. The answer is, is I don't know the answer to that of, of why it was signed. But we know that when it was signed, when it was created, because that would, that's what it shows is that it was created on, on May 12th, 2015. Now, in addition to that, what we've, what we've tried to show the court is that there were other, on the document that says that they sent it, for example. It also says, look, here's, here's the, the certified mailing numbers that were sent. They, they, four times they said that they sent it to my client under certified mailing. Not one of those documents. If you, if you looked it up with the United States Postal Service, because that's what the statute wants you to have. If you looked it up, not one of them was sent to my client. It says that it went to some other zip code. Had the right address, but the wrong zip code. I don't, Your Honor, I don't know that. I don't know the answer to that, because they never, they never produced the, the, the envelope that showed the address. They just said that they sent it. So, let me ask you a practical question. Sure. Your client, as I understand it, hasn't paid under this loan for a relatively substantial period of time, correct? She was in default. For how long? I don't know the answer to that. I think the record suggests maybe a decade. Would that be a terrible misstatement? No, Your Honor, that, that wouldn't be correct. Okay. But she's in default. Yes. What happens, I'm trying to figure out why, at the end of the day, why we're here. If they can re-notice the sale and do it correctly, and they can, and your client, what does your client gain out of any of this? Your Honor, there are, there's, to me, there is another thing that occurs when you have a notice of sale that's presented before a notice of default. A notice of sale tends to show that, that owner of the home that this, hey, this is getting so much closer and you need to do something else in what you're doing. Well, and that's why, yes, she's been in default for a substantial period of time. So, if this were a case in which she missed one payment and they did something and she didn't get notice, I'd understand. Look, and you're entitled to argue your case. I don't understand the practical effect, but are we just, even if you're right, are we just spinning our wheels here? I don't think so, Your Honor. I don't think so, because under this circumstance, I mean, we briefly mentioned that in the brief. That, look, the lower court in this case made us pay, I believe it was around a $28,000 bond. Now, I throw that out, that number out, because that's a large number to be paid that she could have just, you know, that she could have paid to the bank when that came down. But she, but the bank was, excuse me, was, said that they were working with her. She was, she was speaking with the bank after she received the notice of default, which under the statute is completely different than the notice of sale. They, she was submitting documents to them. She was working with them. They've never denied that. And it's your, you also think that she lost a certain amount of equity in the house as a result of the sale, right? That's correct. And because once the fees had all been added up, the equity was gone. Correct. But you're not bringing a case that's arguing that somehow they breached a duty during the negotiation process. We get a bunch of those cases that somebody says they couldn't have foreclosed because they promised me they wouldn't or they failed to live up to their obligations. Your case is purely procedural. You're saying they didn't follow the correct procedures, right? Your Honor, our case is, I believe that's partially true to answer the question directly. The case is on, it's asking for declaratory relief, but basically it's a violation of the NRS 107.0AL is what the claim is. Do you know who held the, both the note and the deed of trust when the foreclosure took place? That's a great question, Your Honor. The answer is no, I don't. I know what the admissions are of the other party. It said that the beneficiary of the deed of trust was quality and that the holder of the note was Capital One. If that's true, assume it's true, and we're proceeding under sub five, doesn't that really make the sale voidable as opposed to void? Under sub five, you have to show that it's void. Their case law seems to suggest that if you could prove that, and I don't know that you can, it makes a sale voidable, which is to say you could enjoin it from occurring, but not void it thereafter. Is that a misstatement of the Nevada law? Your Honor, it has to be void because Tell me what the Nevada law provides on that. Doesn't the Nevada law say that if the same person doesn't hold the note and the deed of trust at the time of the sale, the sale is voidable, or does it say that it's void? One of the two. It says you can't bring the foreclosure, so it would be void. Can you give me a Nevada case that says the sale is void? Your Honor, I'd have to brief that to you. Well, you should have, I mean, because you're claiming the sale is void for that reason. I can't find a Nevada case that says the sale is void. I can find Nevada cases enjoining sales for that reason, but I can't find a Nevada case setting aside a sale for that reason. Your Honor, the case that seems to be the case that seems to be instructive on it the most that is cited would be the Bank of the New York Mellon case, and it says that you need to have both to foreclose. Oh, I don't doubt that you have to have both. It wasn't my question. My question is, is there any case you're aware of that voids a completed sale for that deficiency? I'm not, Your Honor. I'm not. Okay. Unless there's any questions, I'll reserve the time for any rebuttal. Fine. Thank you. We'll hear from who will we hear from first? Good morning. May it please the Court. Karen Baumholt on behalf of Capital One. And this morning, I will be taking 10 of the 15 minutes and ceding the remaining 5 to our co-respondents. So let me, before you get started, let me just start where we ended up. The record seems to show that U.S. Bank owned the note and the deed, but your brief says you did. So what are we to do with that? Capital One is the servicer. If you take a look at excerpts of record 427 to 428, that's the affidavit of authority to exercise the power of sale. It details out exactly that Capital One is the current beneficiary of the deed or the servicer for the current beneficiary. The full name of the trustee is Quality Loan, and Counsel for Quality will be speaking to the Court shortly. But who held the note and the deed at the time? I used to be a title searcher. So I can't figure out how. It seems to me that, in fact, the note and the deed of trust were in the same hands, but the same hands were U.S. Bank. So I'll walk the Court through some of the history. It's a little complicated, but it says you do get there. She took out a mortgage with Countrywide. That's at the record 327 to 340. A loan. A loan secured by a deed of trust. Correct. The trustee was CTC. Not a mortgage. Those of us who practice around here have been bitterly reminded from time to time the difference between a mortgage and a deed of trust. Fair enough. Chevy Chase, as the lender, executed a note and deed of trust naming Vicki Perry as the trustee. That's at 342 to 362. And MERS as the beneficiary. U.S. Excuse me. CTC Real Estate Services, as the trustee, reconveyed. That's not terribly important to this history. But U.S. Bank acquired the note as part of the portfolio. Oh, that's interesting. You could say that. As part of a portfolio. So you can find all these mortgage-backed securities, talking about 2008 earlier. There was an acquisition at that point in time. Capital One acquired Chevy Chase Bank. The Court could take judicial notice of that. It's a publicly available information. U.S. Bank, as the trustee, entered into a servicing agreement with Capital One. So Capital One is the servicer. And again, when you look at the affidavit of authority that's in the record, you see as servicer. You can see that MERS assigned its interest as beneficiary of the deed of trust to U.S. Bank at 363 and 364 of the record. And then Capital One, as attorney-in-fact for U.S. Bank, substituted Quality Loan Services as the trustee, removing Vicki Perry as the trustee. Okay. What we're going to do. We're not worried about who the trustee is. We just want to loan the note and the deed of trust at the time of foreclosure. Right. And I think I may have to cede the answer to that question more clearly, to Quality Loan, because I think that she's more prepared to speak to that issue, if that's okay with the court, in the final five minutes of our time. So you don't know? I'm afraid that I'm going to misstate the facts of which Quality Loan is more prepared. Let me offer you two possibilities. I mean, if they weren't owned by the same party, then we have something of a Nevada problem that we can get back to. If they were owned by the same party, it was either Capital One or U.S. Bank, wasn't it? U.S. Bank owned the, Your Honor, I'm sorry, I don't. I need to cede that question to you. So given your confusion on this topic, why isn't there a reasonable question of facts about it? I think that it can be explained better by the counsel who's prepared to address that issue, and I apologize for not being that one. I'm more prepared to address some of the other issues. Is there anything else to talk about? Well, no. I don't believe so. Why don't we get your colleague up? Thank you, Your Honor. Good morning, Your Honor. May it please the Court. Kristen Schuller-Hines on behalf of Respondent Quality Loan Service Corporation. Could we divide this up into the note and the deed of trust? So just address one at a time. Who owned the note? Who owned the note in the design of foreclosure? U.S. Bank, N.A., as trustee relating to the Chevy Chase Funding LLC Mortgage Back Certificate Series 2004-CARE of Capital One. The full name and business address of the current beneficiary of record was U.S. Bank as trustee relating to the Chevy Chase Funding LLC Mortgage Back Certificate Series 2004. So the U.S. Bank owned them both at the time? Yes. Because Capital One's brief says they did. I believe that's a misstatement because servicers are so intimately involved. Much like when I talk about my firm or my case, well, it's not always my case or my firm or my trustee. Sometimes it's a different trustee, but because of the intimate involvement, I refer to it as mine. So did Ms. Spiritou even sue the right party? Well, my position would be probably not, Your Honor, because Capital One was the servicer. Capital One was charged with servicing the loan in accordance with the pooling and servicing agreement or whatever document this particular asset had that governed its handling. So in this case, are the necessary parties before the court? No, the beneficiary is not here. The person who held in compliance with the NMACC. The agent, the servicing agent of the beneficiary is here. So no, in the real world, the beneficiary is here. Okay, now maybe you can explain to me. This note was bundled with a lot of other notes. Yes. And then Chevy Chase Bank actually kept this bundling, this mortgage-backed security in its portfolio? How could that be? They never did that. They always sold it to a German bank. Not every single one, Your Honor, just most of them. Deutsche Bank has taught every person in America a whole new way of saying Deutsch. But they weren't all. Some of them were bundled. And again, I am counsel for the foreclosure trustee. I speak out of my general knowledge. Not every single note that was bundled was sold to Deutsche Bank. It was sold to other different entities. They were bundled up. And in some cases, they did actually keep them. I know that there are some Wells Fargo ones, for example, that are out there that were in fact Wells Fargo mortgage-backed asset securities, which were then held by Wells Fargo as the servicer. Those servicings gets transferred, et cetera. But even if you held the mortgage-backed security, you wouldn't hold the note. The mortgage-backed security, if you buy a mortgage-backed security, you buy the right to a stream of revenue. You don't buy the note. The note is held by the trustee. Well, the documents, as my understanding, and again, I don't think this is in the record, but my understanding of the process is that what happens is the loan originates with Chevy Chase Bank. Chevy Chase Bank takes that bundle and says, okay, we're putting them here. And then we're going to service them. Well, they're actually owned by the beneficiary because they're put into that pool who then owns them. And then this beneficiary is the pool, which is then has a trust, which is then serviced by someone else. Let me ask you the question I asked your colleague. Let's assume, simply for purposes of this question, that the note and the deed were owned by different parties at the time of foreclosure. Does that make the foreclosure sale voidable or void under Nevada law? Because to get relief under sub 5, it must be void. I think in my own mind, it's clear that one could enjoin the sale beforehand by saying, wait a minute, the person noticing the sale doesn't have the right to do it because he doesn't have both of these instruments. Post hoc, is there Nevada law on that topic? I don't believe there is, Your Honor. To my mind, we have the affidavit, which says I'm the one who's in possession of both. No, no, I'm asking you, I understand. They may not be able to, you may, this record may demonstrate sufficiently that the same person was in control of both. I think it's voidable. I think you would need to come in and show what there was. There would need to be some evidence of why it wasn't held, of some prejudice to the party of this. It was established to put forth a, to set everyone's mind at ease in the panic of 2009 that the right party was foreclosing on something. So, but we do know that absence of notice can make a sale void. That is correct. And I don't know whether you were prepared to address that or we interrupted your colleague on that, but tell us, tell us why there isn't, why, why the notice here isn't questionable. Well, I don't think there's any questions about the notice here, Your Honor. We've got affidavits stating that the notice of sale was in fact posted on the front door and mailed. All that's required of the notice of sale is that it state the time and place of the sale. And I know receipt is not necessary, but when the person who lives in the house at the address to which it was to be sent and where the notice was to be posted says that didn't happen, what procedure should then follow? Well, I think there's a, there's a credibility that has to be weighed here, Your Honor. What we have here is. See, but the problem, that's not a good answer for, for your side, because if one starts weighing credibility, we ought to have a trial and we didn't have a trial. So, so what are we supposed to do when we have a perfectly good affidavit and notice of service, but the person who lives in the house says, I didn't get any of that. Well, but Your Honor, mailing of the notices is all that the statute requires. If you look to Hankins v. Administrator of Veterans Affairs, the requirement is that the notice be mailed. And even if the notice isn't received, it's. No, I understand. I think you're misunderstanding my question. Oh, I'm sorry. Mailing is fine. Mailing is all you got to do. She says, you didn't mail it because I never got it. That's some evidence that you didn't mail it. And you didn't post the notice on the house because I never saw it. Why isn't she at least entitled to have a finder of fact determine whether she's credible? Well, there's an affidavit of posting that says that it was in fact posted on the door. There's an affidavit. She's saying the guy who filled out the affidavit is not telling the truth because I lived there and I saw the door and the notice was never on it. He may have put it on some other house, but he didn't put it on mine. He may have made a mistake. He may have erred in his affidavit. So I'm trying to figure out how, what the court's supposed to do with that. Is it supposed to have a hearing and say, no, no, I believe the guy did send it and post it? Or does it say, I don't care what you say, it must have happened because he says it did? It's procedurally, how does the court deal with that? Maybe that's why this statute requires that the action be brought before the sale is consummated, before foreclosure occurs. That's a reasonable interpretation, Your Honor. I mean, the appellant in this case knew she was in default. She knew in this instance that she had not made payments since December 2013. So it's a little less than a decade, five years here that we have with no payments on the property. But with respect to notice, see, that's a great answer with respect to all the other defects in the process. But if you haven't been noticed, you haven't been told that a foreclosure sale is occurring, then you can't, it seems odd to require you to go out and try to enjoin one. And so with respect to notice, when there's a dispute about notices, is what you're saying that somebody must come up with more than simply I didn't get it? I think so, Your Honor. I think in this instance, what the court looked at was it looked at, and of course, I'm immediately, you know how you said the perfect question for cross-exam was the one that you thought of two months after the fact? The perfect record on appeal is the one that you think of in your head the day of the appellant hearing. And the perfect answer at oral argument is the one that you think of on the way home in the car. I think in this case, what we have is we have two competing affidavits. We have the affidavit of posting, and then we have the appellant's affidavit, which is, as the Court has cited in the record, is a self-serving affidavit. It behooves her not to have received the notices, or at least tell the Court she hasn't received the notices, because if she hasn't received the notices, then she creates a question, and she can say, hey, you should set the sale aside or the sale should be voided. You can't just stick your head in the sand and say, oh, I never got anything. Oh, I didn't know. The appellant knew she was in default. She was aware of the HOA's posting. Yeah, but knowing that you're in default doesn't mean that a foreclosure sale has been scheduled. And so let's assume, you know, so my difficulty with this, I'm not sure I know the cases, maybe the notice never was sent, and some nefarious servicer, not you, hoaxed up some affidavits and stuff thereafter, and all that the person can say later is, I never got it, at least without discovery and examination and stuff like that. So does the statute just foreclose that possibility? Well, I think in this instance it's foreclosed because she didn't produce any evidence to rebut the presumption that our affidavit was in fact valid, that it was posted at the right location, that the notice of sale was mailed, that it was published, that it was recorded. We have additional evidence that the notice of sale was actually out there for the public's consumption because we have a third-party purchaser here who found the sale. So, and I see that my time is up. If the Court has no further questions. I was going to let you finish and remind you of that, and it is up, and thank you. One real quick question, yes or no, did the district court find either that Capital I was the holder of the note and the owner of the deed, or that Capital I had substantially complied with Nevada law? I believe the district court found that they had substantially complied with Nevada law, Your Honor. Okay. Thank you. Thank you, sir. Why don't you put it, give him a minute. Your Honors, thank you again. Your Honor, there was more than just my client saying that she didn't receive it or that it wasn't posted. Again, the document didn't exist, and if you look at the numbers, the certified mailing numbers that said that it was sent, those don't show that it was sent to her client either. As far as the note, deed of trust issue, Your Honor, if somebody doesn't have authority to sell something, then it would be void. It's the Edelstein versus the Bank of New York Mellon case. And, Your Honor, I think I did, I went within my bounds. They said that you need to have both, and that's at 286P3249. That's a 2012 Nevada case, Your Honor. Thank you. Thank you. Thank counsel for their briefing and arguments. And with that, this Court will be adjourned. Thank you.
judges: Hawkins, Hurwitz, Eaton